## SAMUEL GOODNOW vs. SETH C. SMITH.

In an action by G. against S., a deputy sheriff, for conversion of property which he has attached as property of R. in an action against R. by H., and to which G. claims title by a prior sale of it to himself by R., which sale S. contends was in fraud of R.'s creditors, the judgment recovered by H. in his action against R. is admissible as evidence competent to be considered, in connection with other evidence, for the purpose of showing that H. was a creditor of R. at the time of the alleged sale to G., although G. was not a party or privy to that action.

TORT for the conversion of a horse and wagon. In defence, the plaintiff's title to the property was denied; and it was set up that the defendant was a deputy sheriff for Franklin, and that the alleged conversion was by his attaching the horse and wagon as property of Lockhart Risley, on the writ in an action against Risley by Charles O. Hall.

At the trial in the superior court, before *Wilkinson*, J., the plaintiff admitted that the horse and wagon were once owned by Risley, and claimed title to them by an alleged sale from Risley to himself prior to the attachment by the defendant; but the defendant contended that this sale was in fraud of Risley's creditors, and void as to them. Risley thereupon testified, for the plaintiff, that at the time he sold the property to the plaintiff he did not owe anything to Hall; but this was contradicted by the testimony of Hall, and also of one other witness.

It appeared further in evidence that the action of Hall against Risley was commenced subsequently to the date of the alleged sale from Risley to the plaintiff; that the writ was duly returned and entered in court; that Risley was defaulted therein, and judgment entered thereupon, and execution issued on the judgment. The plaintiff, for the reason that he was not a party or privy to that action, objected to the use of this evidence for the purpose of proving that Hall was a creditor of Risley at the time of that sale; but the judge ruled that it was competent to be considered by the jury, together with the other evidence, for that purpose.

A verdict was found for the defendant, and the plaintiff alleged exceptions.

*W. Griswold,* for the plaintiff, cited 1 Greenl. Ev. §§ 522, 523, 535; *Copp* v. *McDugall,* 9 Mass. 4; *Shrewsbury* v. *Boylston,* 1 Pick. 108; *Gilbert* v. *Thompson,* 9 Cush. 348; *Boston* v. *Worthington,* 10 Gray, 496.

*S. O. Lamb,* for the defendant.

CHAPMAN, J.   The plaintiff claimed the property in question by virtue of a sale from one Risley.   The defendant took it by virtue of an attachment on a writ in favor of one Hall, who alleged that he was a creditor of Risley, and that the sale was fraudulent and void as to creditors.   The judgment obtained in the action was pertinent evidence tending to prove that Hall was a creditor of Risley, and that therefore the defendant had a right to hold the property attached, and apply it on Hall's execution, if the sale to the plaintiff should appear to be fraudulent. But the plaintiff objects to the admissibility of the evidence in this action, because as to him the judgment was *res inter alios.* But if this objection were valid, it would apply with equal force to any other evidence of transactions between Hall and Risley, and so it would be impossible to prove that Hall was Risley's creditor.   It would also apply to the sale by Risley to the plaintiff, which was *res inter alios* as to the defendant and Hall. But, from the necessity of the case, each party must prove his transactions with Risley in order to establish his right to contest the title of the other party to the property.   The judge ruled correctly that the judgment was competent to be considered with the other evidence for the purpose of showing a debt due from Risley to Hall at the time of the sale.   See *Russ* v. *Butterfield,* 6 Cush. 242; *Williams* v. *Babbitt,* 14 Gray, 141.   Of course, it would be necessary to prove further that the cause of the action existed at the time of the sale, but this does not affect the question before us.                    *Exceptions overruled.*