[No. 4,094.]

## HUGH MENTON *v.* J. H. ADAMS, A. SELLMAN AND O. S. HOAG.

FRAUDULENT SALE OF PROPERTY.—If a debtor makes a sale of his personal property to one of his creditors, with an understanding that out of the proceeds of a sale of the property, the creditor shall retain enough to pay his own debt, and then pay certain other creditors, and then pay the balance of the proceeds over to the debtor, and this sale is made to prevent other creditors from attaching the property, it is actual fraud, and vitiates the sale, as to other creditors.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

The Court found substantially the following facts, in addition to the twenty-third finding:

On the 1st day of November, 1872, the plaintiff leased to B. F. Hardin and R. A. Hardin eighty acres of land for the term of ten months, ending September 1, 1873, at a rent of ten and twelve dollars per acre. The Hardins cultivated the land to hay and wheat. On the 24th of July, 1873, they were owing the plaintiff the rent, and were indebted to Cochran and Chase about $350. At this time, the wheat

and hay were in stacks, and the Hardins were threshing the wheat and baling the hay, when Cochran and Chase levied an attachment on the property for their debt. The Hardins informed the plaintiff of this, and wished him to secure his rent. Thereupon Cochran was sent for, and it was agreed in his presence that the plaintiff should pay Cochran and Chase, and pay the parties who were threshing and baling the hay, and that the Hardins should execute a bill of sale of the property to the plaintiff, and he should take possession of and sell the same, and from the proceeds reserve his own debt, and what he paid out, and pay the balance to the Hardins. This arrangement was carried out immediately, and Cochran and Chase released their attachment. The next day, Lemoine, Gambert & Co., other creditors of the Hardins, attached the property for a claim of about $800, and the sheriff took it from the possession of the plaintiff, and sold a part of it on an execution issued on a judgment obtained in the action. Menton thereupon brought this action against the defendants, who were the sheriff and his deputies, to recover the property sold, or its value. The defendants recovered judgment, and the plaintiff appealed.

The other facts are stated in the opinion.

*Moore, Laine, Delmas & Leib,* for the Appellant, argued that the findings established that the transaction was free from actual fraud, and made the following points and citations:

A debtor may pay one creditor in preference to another, or may give to one creditor security for the payment of his demand in preference to another. (Civ. Code, Sec. 3432.)

This rule is no innovation of the Code, it is coeval with the law itself. (*Wheaton* v. *Neville,* 19 Cal. 41; *Meeker* v. *Harris,* 19 Cal. 278; *Johnson* v. *McGrew,* 11 Iowa, 278; *Dana* v. *Stanford,* 10 Cal. 269.)

The Civil Code (Div. IV, Part II, Tit. III.), provides for assignments of property by a debtor for the benefit of creditors. Its provisions are very full. It starts out (Sec. 3449) with enacting that an insolvent debtor may execute an assignment to assignees for the benefit of creditors. It

then provides (Sec. 3454), that the assignor may give certain preferences; but (Sec. 3454), this must be done absolutely and without reserve. The assignment is void against creditors, if it reserves any interest in the assigned property, or in any part thereof, to the assignor or for his benefit, before all his existing debts are paid. (Sec. 3457).

All these provisions relate to assignments made to strangers, not creditors. They are not new; but simply reiterate doctrines perfectly familiar long before the adoption of the Code.

If the assignment in this case be tested by these enactments, must clearly be declared void, for it does reserve to the debtor an interest in the property assigned. The error is in testing it by these rules. Neither these sections of the Code, nor the doctrines to which their origin is referable have any application to transfers made by a debtor directly to his creditor for the purpose of securing his debt.

The Code (Sec. 3451), expressly so states:

The provisions of this title do not   *   *   *   *   affect the power of a person, although insolvent, and within this State, to transfer property to a particular creditor for the purpose of paying or securing the whole or a part of a debt owing to such creditor, whether in his own right or otherwise.

Most clearly, then, the rule that forbids a debtor from reserving any interest in the property assigned, has no application to transfers made directly to a creditor for the purpose of securing his debt. In such a case the reservation is legal, and does not render the transfer void.

*J. Alexander Yoell,* for the Respondents, argued that the findings showed actual fraud.

*Moore, Laine, Delmas & Leib,* in reply, argued that the twenty-third finding was not a finding of actual fraud, but that it was a mere conclusion of the Court drawn from the former findings, which did not show such fraud, and that it was not itself a finding of any fact.

By the Court, CROCKETT, J.:
Written findings were filed, on which a judgment was en-

tered for the defendant, from which the plaintiff appeals on the judgment-roll.

The findings set forth minutely the facts of the transaction between Menton and the two Hardins, which the defendant claims to have been fraudulent and void as against the creditors of the Hardins. The twenty-third finding is in these words: "Upon the foregoing facts, I find that there was a secret agreement entered into at the time of the sale between Menton and the two Hardins, that Menton should pay over to the two Hardins all the proceeds that might exceed certain specified claims, and that this agreement and arrangement was thus entered into for the sole purpose of preventing creditors of said Hardins attaching and seizing said property."

Whether there was actual fraud in the transaction was a fact to be found by the Court; and it finds as one of the facts that there was a secret agreement entered into between the parties "for the sole purpose of preventing creditors of said Hardins attaching and seizing said property." This was a finding of actual fraud, which vitiated the transaction as against creditors of the Hardins.

Judgment affirmed.

Neither Mr. Justice NILES nor Mr. Justice McKINSTRY expressed an opinion.