## NEEDHAM *et al.* *v.* WILSON *et al.*

*(Circuit Court, D. Colorado. July 17, 1891.)*

1. **JUDGMENT—COLLATERAL ATTACK—ATTACHMENT.**
   A judgment in attachment on real property cannot be collaterally questioned by creditors of the defendant where it appears that the court rendering the judgment had obtained jurisdiction over the property. Following *Cooper* v. *Reynolds*, 10 Wall. 308.

2. **FORECLOSURE—JURISDICTION OF FEDERAL COURT—PARTIES.**
   Where a mortgagor and the trustee of the mortgage are citizens of the same state, the holders of bonds secured by the mortgage cannot bring suit in a federal court to foreclose the mortgage in their own name, without showing reason why the suit is not brought by the trustee.

In Equity.

*H. B. Johnson,* for complainants.

*Hugh Butler,* for defendants.

HALLETT, J., *(orally.)* In May, 1886, William Needham and John W. Stewart filed a bill against Alfred H. Wilson and others, asking for an injunction, and for a receiver in respect to property which at some time before that was owned by the Great West Mining Company. Complainants held certain bonds issued by the Great West Mining Company, and the bill was in part for foreclosing a mortgage given to secure those bonds. Among other things they sought to set aside two judgments which were obtained in a district court of the state by John T. Perkins and James Moynahan in attachment suits against this property. These judgments were older in date than complainant's mortgage, and therefore the necessity for having them set aside in order to assert title under the mortgage. Upon a motion for injunction and receiver, heard in July, 1886, it was held that the district court of the state in the Perkins and Moynahan cases obtained jurisdiction of the property in controversy by the levy of the writs of attachment issued in those cases. It may be necessary to explain that the validity of those judgments was denied on the ground that one Purmort, who was served with process as the agent of the Great West Mining Company, was not in that relation with that company; and that one Gwin, who appeared as counsel or attorney for the Great West Company in the Moynahan suit, had no authority from that company so to appear; so that the position assumed by complainants was that there was no service of process, and no appearance by the defendant in the Perkins and Moynahan cases. In denying the motion for injunction and receiver the court held that under the rule announced by the supreme court in *Cooper* v. *Reynolds,* 10 Wall. 308, the district court obtained jurisdiction of the property in the Perkins and Moynahan cases by the levy of the writs of attachment, and that those judgments could not be questioned by creditors of the Great West Company in a collateral suit. After the decision upon this motion for an injunction and receiver the case slumbered in this court; was not moved by either party until September 29, 1890,

a period of more than four years, when the original complainants, Needham and Stewart, together with five others, alleged to be in the same situation, and holding some of the bonds of the Great West Mining Company, put in an amended bill. The amended bill differs from the original in that many features of the original bill are dropped from it. It proceeds only for the foreclosure of the mortgage given to secure the bonds; but the attack upon the Perkins and Moynahan judgments is renewed in the amended bill, and the reason assigned by counsel for thus renewing it is stated in the amended bill in language which I will read:

"And your orators further show that in an action wherein the said Great West Mining Company was plaintiff and the said Wilsons, and the said Woodmass of Alston Mining Company, were defendants, the supreme court of the state of Colorado repeatedly decided that said judgments and sales were absolute nullities, but refused to vacate them at the instance of said company, for the sole reason that said company had been guilty of laches in applying therefor; all which matters and things will more fully and at large appear by reference to said decisions and decrees, or duly authenticated copies thereof, here in court to be produced, to which your orators crave leave to refer."

From this it seems that the supreme court of the state has reached the conclusion that the judgments obtained by Perkins and Moynahan were improperly entered; that is, that there was error in the record. But from some circumstances attending the case they have declined to vacate the judgments. It is difficult to perceive what effect that statement can have upon the position of the parties in this cause and in this court. If it were stated that the supreme court had reached the conclusion that the judgments were void, and had declared them to be void, and set them aside upon that ground, we should still be compelled in this court to adhere to the doctrine first announced in the case, and which is found in *Cooper* v. *Reynolds*. The principle declared in *Cooper* v. *Reynolds* is of general jurisprudence, affecting all actions in federal courts, and not at all controlled by any decision that may be made in any court of any state. But the supreme court of the state has not so declared. Apparently from the statement in the bill the supreme court has declined to vacate the judgments upon the ground that application to vacate them was not made in apt time by the defendant in the judgments, the Great West Mining Company. If the judgments are still maintained, still in force, they are now of the same weight and authority that they were when the opinion was announced in 1886. Claimants under the judgments are entitled to precedence over complainants in this bill; so that there appears to be no reason whatever for proclaiming a different doctrine from that which was first announced in the case, and which establishes a bar to this suit. If this were not so, it appears further that the parties complainant in the amended bill, as well as in the original bill, are bondholders, and that Mr. James M. Strickler is trustee in the mortgage. According to the established rule of practice in federal courts, the trustee in the mortgage must prosecute a suit of this kind, or some reason must be shown for the suit not appearing in his name. It

must be shown, in other words, affirmatively in the bill that the trustee declines to act, or that there is some reason for allowing the bondholders to go on in their own names. In order to get all parties before the court some of the bondholders are made defendants in this bill. That cannot be done without showing that the trustee, who is the principal party to be complainant in any suit for foreclosure, declines to go on with the suit. It is well known that Mr. Strickler is a citizen of the state, and the Great West Mining Company is a Colorado corporation; so that it would seem that, if the suit were in the name of the proper party, it would be one of which this court would not, under any circumstances, have jurisdiction. For these reasons the demurrer to the amended bill will be sustained, and the bill dismissed, at complainant's costs.