[No. 14481. In Bank. — March 30, 1892.]

H. MOSGROVE, APPELLANT, v. R. T. HARRIS, RE-
SPONDENT.

SALE — IMMEDIATE DELIVERY — ACTUAL AND CONTINUED CHANGE OF POSSES-
SION. — A sale of hogs on a ranch in the possession and occupancy of
the seller is not accompanied by an immediate delivery, and actual and
continued change of possession, if after the sale they are allowed to re-
main upon the ranch in charge of the same persons who had charge of
them before the sale, although such persons were requested after the
sale to take charge of them for the buyer, and consented to do so.

JUDGMENT — SUMMONS — PUBLICATION — ATTACHMENT — EVIDENCE. — A
judgment rendered in an action in which the service of summons was by
publication, and in which the property of the defendant was attached,
is admissible in evidence in a subsequent action for the claim and deliv-
ery of such property, in favor of a person claiming the same under the
judgment.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order refusing a new trial.

*C. C. Stephens*, and *Z. B. West*, for Appellant.

The sale was accompanied by a delivery as immediate
as the nature of the case would admit, and was followed
by actual and continued change of possession. (*Mont-
gomery* v. *Hunt*, 5 Cal. 369; *Horr* v. *Barker*, 6 Cal. 489;
*Vischer* v. *Webster*, 13 Cal. 58; *Pacheco* v. *Hunsacker*, 14
Cal. 121; *Chaffin* v. *Doub*, 14 Cal. 386; *Stevens* v. *Irwin*,
15 Cal. 507; *Clark* v. *Rush*, 19 Cal. 396; *Walden* v. *Mur-
dock*, 23 Cal. 552; 83 Am. Dec. 135; *Lay* v. *Neville*, 25
Cal. 546; *Williams* v. *Lerch*, 56 Cal. 330; *Garlick* v. *Bowers*,
66 Cal. 122.)

*Victor Montgomery*, for Respondent.

SHARPSTEIN, J. — Action to recover the possession of
certain personal property. Plaintiff claimed and ob-
tained the delivery of the property to him as provided
in chapter II., title VII. of the Code of Civil Procedure.
The defendant, in his answer, denies that plaintiff is the
owner, or ever was in the possession or entitled to the
possession, of said personal property, and alleges that he,

defendant, as sheriff of the county of Orange, duly levied upon and attached said property, under and by virtue of a writ of attachment duly issued out of the superior court of said county, in an action wherein the Commercial Bank of Santa Ana was plaintiff, and John Leberry and Claude E. Weber were defendants.   The court found that on the first day of March, 1890, John Leberry was the sole owner of all the personal property described in the complaint, and that on the fifth day of March, 1890, he sold said property to the plaintiff for a valuable consideration; "that such sale was not followed by an immediate or any delivery of said property to said plaintiff, and was not followed by an actual and continued change of possession, or any change of possession whatsoever, but that the possession of said property remained in the possession of said Leberry and his employees."

On the thirteenth day of March, 1890, the defendant, as such sheriff, and under and by virtue of such writ of attachment, levied upon, attached, and took into his possession the property described in plaintiff's complaint as the property of John Leberry, the defendant in the said writ, who, at the time of such taking by the defendant herein, had the control and possession of said property until the defendant herein as sheriff took the same from the possession of said John Leberry, his agents and employees.   On the eighteenth day of March, 1890, plaintiff demanded of defendant the possession of said property, and at the same time exhibited a bill of sale dated March 1, 1890, from John Leberry to plaintiff, but defendant refused to deliver the possession of said property to plaintiff, and on the twenty-first day of March, 1890, plaintiff commenced this action to recover the possession of said property, and made an affidavit and executed and filed an undertaking, and procured an order to the coroner of said county to take from defendant said property, and delivered the same to the said coroner, who, on or about the twenty-fifth day of February, 1890, took said property from the possession of defendant, and delivered the same to the plaintiff herein,

who still holds and retains the same. Defendant, in his answer, claimed the redelivery to him of said property, and demanded the return, or its value in case a redelivery could not be had. The value of said property is found to be $620.

As conclusions of law the court found, — 1. That the sale of the property described in plaintiff's complaint from John Leberry to the plaintiff was fraudulent, and therefore void as to said Commercial Bank of Santa Ana; 2. That the defendant herein is entitled to the return of said personal property, and to recover the possession thereof from the plaintiff; and that in case such return cannot be had, he is entitled to recover the sum of $620.50, the value thereof, from plaintiff, together with costs of suit; and judgment was entered accordingly. Plaintiff moved for a new trial on a statement. Said motion was denied, and from said judgment and order denying said motion for a new trial plaintiff appeals.

Appellant's main contention here is, that the finding of the court, "that such sale [by Leberry to plaintiff] was not followed by an immediate, or any, delivery of said property to said plaintiff, and was not followed by an actual and continued change of possession, or any change of possession whatsoever, but that the possession of the property remained in the said Leberry, his agents and employees," is not justified by the evidence. There is evidence tending to prove that on the first day of March, 1890, John Leberry sold to plaintiff the personal property in controversy, to wit, 159 hogs. The sale of the property was negotiated at the city of Los Angeles, but the hogs were on a ranch near Newport, in Orange County, and the ranch was in the possession and occupancy of Leberry, the owner of the hogs. The plaintiff never saw the hogs, but had them inspected by his agent, Lowe, before purchasing them. The hogs, after the sale, remained upon the ranch of Leberry, in charge of the same persons who had charge of them before the sale, although they were requested after the sale to take charge of them for plaintiff, and consented to do so, and did so until the

hogs were attached by the defendant. We think the evidence of immediate delivery and actual and continued change of possession of the property in this case much weaker than it was in *Engles* v. *Marshall,* 19 Cal. 320; therefore we cannot disturb the finding of the court upon that issue.

At the trial the defendant offered "in evidence the judgment in the case of *Commercial Bank* v. *John Leberry,* No. 152, in the superior court of the county of Orange, including the complaint, summons, affidavit of service of the summons, and judgment, for the purpose of showing indebtedness of said Leberry to the said bank." To the introduction of said judgment in evidence the plaintiff objected, "upon the ground that as against him the judgment, having been obtained by the publication of summons in an action to which he was not a party, could not prove, or tend to prove, any indebtedness of Leberry to the said bank, — that is, as against the plaintiff, — and as incompetent, irrelevant, and immaterial; and further, that even if personal service had been made upon Leberry, the judgment roll would not, as against the plaintiff, tend to prove any indebtedness of Leberry to the bank." The objection was overruled, and plaintiff excepted.

A judgment entered in an action in which the service of summons is by publication, in any action in which property is attached, cannot be used as evidence in another proceeding not affecting the attached property. This action does affect the attached property, and nothing beyond it; therefore the judgment was admissible in evidence.

The objection to the introduction of the affidavit for the writ of attachment was properly overruled.

Judgment and order affirmed.

DE HAVEN, J., MCFARLAND, J., HARRISON, J., GAROUTTE, J., and PATERSON, J., concurred.

Rehearing denied.