## MORLEY BROS. *v.* STRINGER.

1. JUDGMENTS—COLLATERAL ATTACK—BILL IN AID OF EXECUTION.
   On a bill in aid of execution, the judgment cannot be attacked for mere irregularities.

2. FRAUDULENT CONVEYANCES—CONSIDERATION.
   A conveyance made in fraud of creditors, while valid as between the parties, is absolutely void as to creditors, irrespective of the consideration paid by the grantee.

3. SAME—TENANCY IN COMMON—PAYMENT OF MORTGAGE—REIMBURSEMENT.
   Where a tenant in common of land incumbered by mortgage, with the active co-operation of his co-tenant, made a conveyance of his interest for the purpose of defrauding creditors, and the co-tenant, in furtherance of such purpose, paid off the mortgage, taking a new mortgage from the fraudulent grantee for the amount chargeable against such interest, such co-tenant was not entitled to be reimbursed for such payment, in a suit by a judgment creditor to set aside the conveyance.

Appeal from Genesee; Wisner, J.   Submitted May 15, 1903.   (Docket No. 86.)   Decided July 8, 1903.

Bill by Morley Brothers, a corporation, against Marshall L. Stringer, Zachariah Stringer, Edgar J. Osband, and Grant Parker, in aid of execution.   From a decree for complainant, defendant Marshall L. Stringer appeals. Affirmed.

This is a bill filed in aid of an execution.   The facts are found in the decree of the court, and are as follows:

"1.  The firm of Parker & Dunstan, composed of Grant Parker and John W. Dunstan, while conducting business at Otisville, Michigan, contracted a considerable amount of indebtedness to the complainant and other creditors. The firm of Parker & Dunstan was dissolved by the parties in the latter part of the year 1889; the said Dunstan being succeeded by the said Marshall L. Stringer; the firm name being changed to Parker & Stringer.

"2.  In the early part of the year 1890, the debt due said complainant remaining unpaid, as well as the claims of other creditors of Parker & Dunstan, and it becoming apparent to the said Grant Parker and Marshall L. Stringer that their said business might become embarrassed by suits against the said Parker, and for the purpose of protecting the said Parker and the said business, Grant Parker and wife made, executed, and delivered to Zachariah Stringer and Edgar J. Osband, of Otisville, Michigan, a deed of the building occupied by Parker & Stringer, described as lots 1 and 2, Freeman & Crowles' addition to the village of Otisville (Grant Parker owning an undivided half interest), county of Genesee, this State, except six feet off the east side thereof, subject to a mortgage of $700 on said interest; and also at the same time said Parker made, executed, and delivered to Zachariah Stringer and Edgar J. Osband a bill of sale of his interest in the stock of goods of the firm of Parker & Stringer; such firm name being immediately changed to M. L. Stringer & Co.

"3.  All of said conveyances and transfers of property so made by said Parker were wholly without consideration, and were made and taken for the purpose of hindering, delaying, and defrauding the creditors of Parker & Dunstan, including the complainant.  The said defendants

severally participated in such fraud. The said Marshall L. Stringer, Zachariah Stringer, and Edgar J. Osband assisted, aided, and abetted the said Parker in perpetrating such fraud on the complainant and other creditors.

"4. All of said defendants so conspired, concerted, and confederated together so that all the property of the said Parker that might have been reached and taken to satisfy the claims of such creditors was placed and kept out of the reach of creditors; and said defendants thereby hindered, delayed, and defrauded such creditors in the collection of their just demands.

"5. The above-described real estate, at the time of such transfer, was incumbered by a mortgage held by the Genesee County Savings Bank; and the said Marshall L. Stringer, claiming to own a half interest in said real estate, paid such mortgage indebtedness, and the same was discharged from record. Thereafter, in the year 1894, and while the interest of said Parker therein remained in the name of Zachariah Stringer and Edgar J. Osband, of record, the two defendants last named made, executed, and delivered to the said defendant Marshall L. Stringer a mortgage on an undivided half interest in said real estate, and said mortgage was thereafter foreclosed, and said premises sold thereunder, and a sheriff's deed given therefor to said Marshall L. Stringer; said mortgage being recorded in Liber 118 of Mortgages, at page 538, Genesee county records, and said mortgage being for the consideration therein named of $813.25. Said sheriff's deed was recorded in Liber 1 of Sheriff's Deeds, page 538, Genesee county records.

"6. The said Marshall L. Stringer, while participating in and aiding in the fraudulent transaction as herein stated, was guilty of fraud in taking and recording said mortgage, and in foreclosing the same, and in obtaining and recording said sheriff's deed.

"7. The payment by the said Marshall L. Stringer of the mortgage on said premises so held by the Genesee County Savings Bank was voluntary, and made at a time when the said Marshall L. Stringer, Zachariah Stringer, and Edgar J. Osband had control and apparent ownership of all the property of the said Grant Parker.

"8. The executing and recording of said mortgage from said Stringer and Osband to Marshall L. Stringer operated to still further hinder, delay, and defraud the said complainant and other creditors of Parker & Dunstan.

"9. On the 17th day of April, A. D. 1893, the said complainant obtained a valid judgment against the said Grant Parker and John W. Dunstan for the sum of $254.23 damages and $29.40 costs of suit, and said judgment remains of force and unpaid, both at the time of the filing of the bill of complaint herein and at the time of the rendition of this decree; and there is now due and remaining unpaid on said judgment, for principal and interest, the sum of $466.81.

"10. For the purpose of collecting said judgment, said complainant caused an execution to be issued out of, and under the seal of, the circuit court for the county of Genesee, where said judgment was rendered, and has caused said execution to be duly levied·upon the real estate above described, and notice of such levy was duly filed in the office of the register of deeds of said county, and said judgment remains unsatisfied and unpaid."

Proofs were taken in open court, and decree rendered for complainant.

*Brown & Farley*, for complainant.

*Lee & Parker* (*Edward J. Bissell*, of counsel), for appellant.

GRANT, J. (*after stating the facts*). Counsel for the defendant raise objections to the validity of the judgment rendered in the suit at law. They make no argument upon them, and the pleadings upon which they are based are not found in the record. Therefore they cannot be considered. Enough, however, does appear to indicate that they constitute a collateral attack upon the judgment, which cannot be maintained, under *Griffin* v. *McGavin*, 117 Mich. 372 (75 N. W. 1061, 72 Am. St. Rep. 564), and *Peninsular Savings Bank* v. *Ward*, 118 Mich. 87 (76 N. W. 161, 79 N. W. 911), and authorities there cited.

The meritorious question in the case is whether the defendant appellant is entitled to protection for the mortgage of $700, the amount he paid for Mr. Parker's half of the mortgage existing upon the premises at the time of the fraudulent transfers, and whether the foreclosure of the

mortgage given by Zachariah Stringer and Edgar J. Osband to him, of $813.25 (being said $700 and interest thereon), is valid. The conclusion is irresistible that this entire transaction was fraudulent *ab initio*, and that Parker, defendant, and his brother entered into it with the sole view to not only hinder and delay, but to defraud, the creditors of Parker. In such cases the courts will leave parties to lie in the beds they have voluntarily made. "He that committeth iniquity shall not have equity."

While conveyances made in fraud of creditors are valid as between the parties themselves, they are absolutely void as to creditors, and as to them it is immaterial whether the grantee paid any consideration or not. If the purpose of both the grantor and the grantee is to defraud the grantor's creditors, the title to the land, as to creditors, is regarded in equity the same as though no conveyance had been made, and the title still stood in the grantor. The wise theory of the law is that a creditor, trusting the debtor upon the faith of his owning the land, is entitled to the first lien upon it, where the grantee has participated in the fraud of the grantor, the debtor. This is the long and well-established rule. *Sands* v. *Codwise*, 4 Johns. 536 (4 Am. Dec. 305); *Shand* v. *Hanley*, 71 N. Y. 319; *Davis* v. *Leopold*, 87 N. Y. 620; *Wiley, Banks & Co.* v. *Knight*, 27 Ala. 336; *Daisy Roller Mills* v. *Ward*, 6 N. Dak. 317 (70 N. W. 271). In this last case will be found a valuable discussion of the subject, and a citation of authorities.

But we are not without authority in this court. The question arose in the early case of *How* v. *Camp*, Walk. Ch. 427. In that case the grantee was allowed the benefit of taxes paid and improvements made by him after the conveyance, but he was held not entitled to the consideration paid for the deed. The reason of the rule undoubtedly is that taxes and improvements in good faith are for the benefit of the creditors, while the consideration paid with the intent to defraud is not. The distinction is drawn in that case between constructive and positive

fraud, where the grantee is *particeps criminis.*   See the language of the court on page 436.   See, also, *Robinson v. Boyd,* 17 Mich. 128.

Prior liens paid in pursuance of such fraudulent agreements stand upon the same basis as actual payments for the purchase price.   They are in fact a part of the purchase price.   Authorities above cited; also Bump, Fraud. Conv. § 628.

This mortgage was voluntarily paid and discharged, and the mortgage to defendant Marshall given as a part of the fraudulent scheme.

We have examined the authorities cited by counsel for the defendant in support of their contention, and find that they have no application.

The decree is affirmed, with costs.

The other Justices concurred.