McGovern and another, Respondents, vs. Milwaukee Motor Company and others, imp., Appellants.

*December 10, 1909—January 11, 1910.*

(1) *Appeal: Objections to form of pleading.*  (2–4) *Corporations: Insolvency: Sequestration: Judgment: Fraudulent conveyance: Liability of grantees.*

1. Objection to mere matters of form in pleading cannot be made for the first time on appeal.
2. In an action under sec. 3216, Stats. (1898), for sequestration of the property of an insolvent corporation, based on judgment and execution returned unsatisfied, it is an irregularity to render a new judgment against the corporation; but other defendants are not prejudiced thereby.
3. In such an action a judgment might properly be rendered against a fraudulent grantee of the property of the insolvent corporation and against other defendants who assisted in perpetrating the fraud, for the amount of the original judgment; but a judgment granting that relief and also appointing a receiver to pursue the assets of the insolvent corporation can be sustained only by construing the first part thereof as interlocutory and conditional upon the receiver being unable to collect from the assets of the insolvent company, and only for the amount of the deficiency, if any, appearing from his report.

4. Where an insolvent corporation, with intent to defraud a creditor, conveyed all of its assets to another corporation whose officers. assisted in perpetrating the fraud, such grantee and its officers cannot avoid payment of the whole claim of the defrauded creditor on the ground that, at the request of the grantor and as consideration for the fraudulent conveyance, they have paid to other creditors of such grantor an amount exceeding the value of the assets received.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

*Lyman G. Wheeler,* for the appellants.

For the respondents there was a brief by *Kronshage, McGovern, Goff, Fritz & Hannan,* and oral argument by *Arthur F. Belitz.* They cited, among other cases, *Dousman v. Milwaukee,* 1 Pin. 81; *Ford v. Plankinton Bank,* 87 Wis. 363, 58 N. W. 766; *Slack v. N. W. Nat. Bank,* 103 Wis. 57, 79 N. W. 51; *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909; *Collins v. C., St. P. & F. du L. R. Co.* 14 Wis. 492; *Adler v. Milwaukee P. B. Mfg. Co.* 13 Wis. 57; *Marvin v. Anderson,* 111 Wis. 387, 87 N. W. 226.

TIMLIN, J. The respondents *McGovern* on January 21, 1905, recovered a judgment against the B. & P. Company, a corporation, upon a demand existing and in suit since June, 1903. After execution on this judgment was issued and returned unsatisfied, respondents began a suit under sec. 3216, Stats. (1898). The complaint, in addition, showed many of the features of a creditors' bill, but no objection is or can be made at this stage of the litigation upon any mere matter of form. It appeared from the findings of the court below, supported by evidence and admissions of the pleadings, that on September 22, 1904, during the pendency of said action first. mentioned, the defendants *Edgar E. Warner, Arthur W. Warner,* and Frank L. Ford, stockholders, directors, and officers of the B. & P. Company, organized and became shareholders in another corporation called the *Milwaukee Motor Company,*

thereafter took in with them under a pre-existing arrangement one *Hilton B. Warne,* and turned over all the assets of the B. & P. Company to the *Milwaukee Motor Company,* which latter in consideration therefor assumed all the indebtedness of the B. & P. Company except the claim of the respondents. The trial court found this transfer to the new corporation and the organization of the new corporation were for the purpose of hindering, delaying, and defrauding the plaintiffs in respect to their then existing demand against the B. & P. Company. This fraudulent intention and purpose is found as matter of fact, and it is also found that at the time of this transfer the B. & P. Company was insolvent. The value of the assets so transferred exceeded $5,000, and the only consideration paid by the *Milwaukee Motor Company* was the assumption by the latter of all the debts and liabilities of the B. & P. Company except the claim of the plaintiffs then pending in litigation. The defendant *Warne,* who came in later, but shortly after the organization of the corporation, had full knowledge of the intention and purpose of his codefendants to hinder, delay, and defraud the respondents, and with them has the assets of the B. & P. Company. Thereafter the *Milwaukee Motor Company* paid and discharged all the claims of all the creditors of the B. & P. Company except the plaintiffs' claim, and there still remains in the possession of the *Motor Company* and of the other defendants substantially all the assets of the B. & P. Company.

Among other conclusions of law the court found that the defendants the *Warners* and Ford were liable to the plaintiffs to the extent of the value of the assets so converted, transferred, and conveyed, or so much thereof as might be necessary to satisfy the plaintiffs' judgment, interest, and costs; that the equities of the defendant *Warne* in the assets of the *Motor Company* were subsequent, inferior, and subject to the respondents' equities; that the assets of the B. & P. Company so transferred were and are a trust fund in favor of the

plaintiffs so far as necessary to satisfy the plaintiffs' claim; and that the plaintiffs were entitled to judgment against the defendants B. & P. Company, *Milwaukee Motor Company, Edgar E. Warner, Arthur W. Warner,* Frank L. Ford, and *Hilton B. Warne,* and each of them, for the amount of the original judgment, with interest on said amount from the date of such judgment, and the costs and disbursements of this action. The court also concluded that a receiver with the usual powers should be appointed to take charge of the property and effects of the said B. & P. Company and to collect, sue for, and recover the debts and demands that may be due and the property that may belong to the said B. & P. Company so far as might be necessary to satisfy the plaintiffs' judgment and apply the same to the satisfaction of said judgment, and for any deficiency the defendants *Milwaukee Motor Company, Edgar E. Warner, Arthur W. Warner,* Frank L. Ford, and *Hilton B. Warne,* and each of them, should be directly and personally answerable to the plaintiffs. Judgment was entered accordingly.

There are several irregularities in this judgment. The action being one for sequestration of the property of the insolvent B. & P. Company, based on judgment and execution returned unsatisfied, there should have been no new judgment in this action rendered against that company. But the latter has not appealed. The other defendants are not prejudiced by this error. So far as the judgment in this action is rendered against the fraudulent grantee and those aiding and assisting in perpetrating the fraud, that relief alone would be within the power of a court of equity. But it would be irregular to grant this relief and also appoint a receiver and authorize him to pursue the assets of the insolvent company *pari passu.* We are able to sustain this judgment in this respect only by construing it to mean that the judgment against the other defendants is interlocutory and conditional upon the receiver being unable to collect from the assets of the B. & P.

Company and only to the amount of the deficiency, if any, which may appear from the final report of the receiver. It is therefore within the power of a court of equity, which may mold its remedies to suit the exigencies of the case.

The principal contention on this appeal is, however, that the *Motor Company* having received only $5,000 in value of assets of the B. & P. Company, and having discharged, in consideration of such transfer to it, liabilities of the B. & P. Company amounting to about $13,000, the respondents could in any event recover only from the *Motor Company* and the persons making the transfer respondents' actual damage, which would be their *pro rata* on a distribution of the assets of the B. & P. Company among its creditors, including the plaintiffs, or about five thirteenths of the plaintiffs' claim of $590.04, with interest on said five thirteenths. But here the fraud found by the circuit court is actual, not constructive merely. In such a case the fraudulent grantee and those corporate officers aiding and assisting it in perpetrating the fraud can have no credit or advantage by reason of the advance of part of the purchase money or the discharge of other liabilities existing against the property.

In *Ferguson v. Hillman,* 55 Wis. 181, 12 N. W. 389, the debtor had real estate worth $15,600 and personal property worth $3,500, in all $19,100. His debts exceeded $20,000, and the fraudulent grantee knew that they exceeded $17,000. The latter took warranty deeds of the real estate and two chattel mortgages on the personal property, assumed to pay $9,114.77 of the debts of his grantor, and advanced to his grantor on the chattel mortgages $1,500. The circuit court rendered judgment against the grantee and grantor for $1,413.60 and interest to be collected out of the fraudulent grantee up to the amount of $1,500. It was there decided that the fraudulent grantee could not be protected for the amount actually paid by him at the time of the fraudulent transfer nor in the possession of the proceeds of property

fraudulently transferred to him, which proceeds were received by him on a sale by him of such property. In *Avery v. Johann,* 27 Wis. 246, there was a full consideration paid for the land, but the transfer was made in fraud of creditors and the grantees participated in that fraud. Part of the consideration was the sum of $3,025 due from the grantor to the grantees, and the judgment reserved no right as against the creditors' bill to retain this amount as a lien on the land. In *Mason v. Pierron,* 69 Wis. 585, 34 N. W. 921, both parties to the transfer participated in the fraud. After the conveyance to him the fraudulent grantee mortgaged the premises to a *bona fide* mortgagee for $2,500, and the circuit court rendered a personal judgment against the grantee for the amount of such mortgage, principal and interest. Judgment was affirmed by this court. In *Bank of Commerce v. Fowler,* 93 Wis. 241, 67 N. W. 423, it is ruled that the grantee of nonexempt property colluding with the grantor thereof to hinder and delay creditors of the latter cannot as against such creditors be protected even for the amount actually paid on the purchase. In *First Nat. Bank v. Bertschy,* 52 Wis. 438, 9 N. W. 534, where no actual intent to defraud was shown and the fraud was merely constructive as against creditors, the conveyance was allowed to stand as a security for the sums due from the grantor to the grantee. See, also, *Morley Bros. v. Stringer,* 133 Mich. 690, 95 N. W. 978.

There can be no sound distinction in this respect made between moneys paid by the fraudulent grantee to his grantor and moneys paid by such grantee at the request of the grantor to other creditors of the grantor as the consideration of the fraudulent transfer. The scheme is equally effective in either case to hinder and delay the creditor to defeat whose demand the transfer is made. His right to collect his claim is impaired by the transfer. He must either assume the verity and honesty of all the claims thus discharged or assume the burden of proving their respective amounts or invalidity. He is de-

prived of his opportunity to bid at a sale of the assets, and, in short, he is hindered and delayed by such transfer, and when the parties to such transfer are both engaged in the scheme to defraud him the fraudulent grantee can have no credit for the purchase money thus paid out in discharge of other alleged liabilities of the grantor. There is no certain or satisfactory way of measuring the damages to the creditor in such case by the percentage upon his demand which the whole property of the fraudulent grantor, if ratably distributed among all his creditors, would amount to. To limit recovery to such percentage would encourage and facilitate frauds upon small creditors and give the fraudulent transaction the legal force and effect of an assignment for the benefit of creditors or a bankruptcy proceeding. Fraud has not yet become so respectable. We find no reversible error in the judgment.

*By the Court.*—Judgment affirmed.