BALDWIN, Respondent, vs. FRISBIE and another, Appellants.

*March 14—April 11, 1916.*

*Fraudulent conveyances: Husband and wife: Estates of decedents: Creditors' action: Receivers: Rights of widow who colluded in fraud: Reimbursement for debts paid by her: Allowances: Parties: Administrator: Appeal: Dismissal.*

1. Where, a few days prior to his death, a husband, without consideration and with intent to defraud his creditors, transferred his real and personal property to his wife, who knew his purpose and colluded with him to carry it out, and his estate was insufficient to pay his debts, judgment was properly entered pursuant to secs. 3835, 3836, Stats. 1915, declaring such transfer void as to creditors of the decedent and subjecting the property to the payment of his debts; and, the administration of the estate having been closed and the administrator discharged, a receiver of said property in the hands of the wife was properly appointed.

2. Although in such case the widow paid some of the debts of the decedent out of her individual estate, her connection with the fraudulent transfer deprives her of all right to reimbursement out of the proceeds of a sale by the receiver of the property so transferred.

3. Having elected not to claim her allowances when the husband's estate was being administered, the widow is not, under the circumstances above stated, entitled to have such allowances·made to her out of the property involved in the fraudulent transfer.

4. The administrator of the husband's estate, having been duly discharged, was not a proper party to the creditor's action, and an appeal by him from the judgment setting aside the fraudulent transfer and appointing a receiver is dismissed.

APPEAL from a judgment and an order of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge.    *Affirmed as to one appellant; dismissed as to the other.*

The action was brought to set aside a transfer of real estate and personal property on the grounds of fraud and a total failure of consideration.

In April, 1911, and prior thereto, Marion G. Frisbie, deceased, owned and operated a machine shop at the village of Gillett. In April, 1911, he executed to his wife, *Addie C. Frisbie,* one of the defendants in this action, a quitclaim deed whereby he conveyed all of his real estate and assigned all of his personal property to her for the consideration of "one dollar and other valuable consideration." The real estate so conveyed consisted of the land with a machine shop, and the personal property so assigned consisted of all personal property, including portable sawmill, saw belts, and engine. This quitclaim deed was witnessed and acknowledged and was duly recorded on the 25th day of April, 1911. At this time the deceased was heavily indebted. On April 22, 1911, four days after the execution and delivery of the deed, he died intestate. The defendant *Addie C. Frisbie* had title to the homestead prior to this time. On June 14, 1911, *E. C. Smith* was appointed special administrator of the estate, and on September 13, 1911, he was appointed general administrator and duly qualified as such.

The plaintiff with others presented his claim to the county court against the estate and their claims were duly allowed on September 28, 1912. On September 6, 1913, upon a showing that the estate in the hands of the administrator was insufficient to pay the debts of the intestate and that the administration had been completed, *E. C. Smith,* the administrator, was discharged from his trust.

The defendant *Addie C. Frisbie* received the proceeds of an insurance policy upon the life of her deceased husband amounting to $2,000. She paid about $1,500 out of her separate property to the creditors of her deceased husband, whose claims were not presented against his estate. The real estate conveyed to her by this quitclaim deed had been mortgaged and has been sold, since the husband's demise,

under foreclosure, and a deficiency judgment was entered in the foreclosure suit against *Addie C. Frisbie*.

On March 30, 1914, the court filed findings of fact and conclusions of law, and also denied defendant's motion for a new trial on March 31st. Judgment was awarded and entered on May 4, 1914, setting aside the conveyance and transfer of the property to *Addie C. Frisbie* and appointing a receiver to sell the personal property conveyed to her and apply the proceeds on decedent's debts. On June 1, 1914, the court made an order denying an application of the widow to assign to her the personal property of the deceased then in her possession as and for her support and the support of their minor children during the administration of the decedent's estate in the county court and as and for an allowance as widow of the deceased, and to modify the judgment accordingly, and to vacate that part of the judgment appointing a receiver. From such judgment and order this appeal is taken.

For the appellants the cause was submitted on the brief of *E. C. Smith*.

For the respondent there was a brief by *George Crawford,* and oral argument by *F. M. Wylie*.

SIEBECKER, J. The findings of the trial court are fully sustained by the evidence and cannot be disturbed on this appeal. It is clearly established that the plaintiff was a creditor of the estate of Marion G. Frisbie, deceased; that his claim had been duly allowed against decedent's estate by the county court; that plaintiff and other creditors whose claims have been allowed against the estate by the county court have not received payment of their claims from the administrator of decedent's estate because such administrator had no property of the estate to apply in payment of the same, and that the administration proceedings have been closed and the administrator, *E. C. Smith,* has been discharged from his trust.

The court also found that Marion G. Frisbie conveyed his real and personal property to his wife, the defendant *Addie C. Frisbie,* by quitclaim deed and without consideration a few days prior to his death with the intent to defraud his creditors, and that his wife had knowledge of his intent in making such conveyance and that she colluded with him to carry out such purpose. Upon this state of the case the court properly awarded judgment pursuant to secs. 3835 and 3836, Stats. 1915, declaring this deed of transfer of such property null and void as to the creditors of the deceased and subjecting the property to the payment of the debts of the deceased. In the light of this state of the case the court properly appointed a receiver, with the usual powers and duties, to take possession of the decedent's property in the hands of *Addie C. Frisbie,* subject it to sale, and apply the proceeds of such sale in payment of the debts of the deceased under the direction of the court.

The contention that the widow should in equity be allowed to participate in the proceeds of the sale of this property because she had applied a portion of her individual estate in payment of her husband's debts cannot be sustained. Since she was actively involved in the fraud of her husband she lost all equities that she may have had to participate in this property as one standing in the shoes of the original creditor. *Sommermeyer v. Schwartz,* 89 Wis. 66, 61 N. W. 311; *Bank of Commerce v. Fowler,* 93 Wis. 241, 67 N. W. 423; *Zimmerman v. Bannon,* 101 Wis. 407, 77 N. W. 735. Her connection with the fraudulent transaction deprives her of all claim to any of the property involved in the transaction to reimburse herself for moneys expended by her in reliance on the fraudulent transfer.

Her petition, after judgment in the action, for an allowance out of this property for her support and the support of their minor children during administration of the estate and for a widow's allowance out of her husband's estate, was prop-

erly denied.    It appears that she elected not to claim these
allowances when the administration of the estate was had in
county court.    Under the circumstances it must be held that
she has not shown any grounds for relief from her election in
these matters.

The record shows that the administration proceedings have
been closed and that the administrator has been duly dis-
charged from his trust.    Under these circumstances the de-
fendant *E. C. Smith,* as administrator, has no interest in this
litigation and hence is in no way concerned in the controver-
sies of this action.    He is not a proper party to the litigation
and the action should have been dismissed as to him.    He
therefore is not aggrieved by the judgment and is not entitled
to appeal therefrom to this court.

The appeal from an order denying the application of the
defendant *Addie C. Frisbie* for modification of the judgment
and to grant her support and an allowance as widow of
Marion G. Frisbie and to vacate the appointment of a re-
ceiver as therein determined, presents no additional question
to those we have already considered.    Upon these considera-
tions it follows that the judgment and the order made after
judgment must be affirmed as against the defendant *Addie C.
Frisbie,* and that the appeal of *E. C. Smith* as administrator
must be dismissed.

*By the Court.*—It is so ordered.